DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied the motion to intervene filed by appellant Contimortgage Corporation. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "A. The trial court abused its discretion in holding that Contimortgage's Motion to Intervene was moot and effectively overruling the motion."
The facts that are relevant to the issues raised on appeal are as follows. On September 24, 1998, John Neighbor filed a complaint in the trial court in which he stated that in February 1997, he had recovered a judgment against Joseph and Laurie Ochmanek in the amount of $17,055 and that, at the time of the filing of the complaint, the entire judgment amount remained owing. Neighbor further alleged that the Ochmaneks owned a piece of real property in Lucas County, Ohio, on which The Telephone Credit Union, Inc., had a first lien and on which Decision One Mortgage Company held a mortgage in the amount of $94,400. Neighbor requested that the trial court order the Ochmaneks' property sold at foreclosure, with the liens being paid from the sale proceeds, according to their priority.
Neighbor filed a motion for summary judgment and on February 10, 1999, the trial court granted the motion. In its judgment entry, the trial court instructed counsel to prepare a judgment entry of foreclosure and order of sale.
On April 23, 1999, the trial court filed a "JUDGMENT ENTRY OF FORECLOSURE" in which it found that the allegations contained in Neighbor's complaint were true and that Joseph and Laurie Ochmanek owed Neighbor $20,780.55 on the claim set forth in his complaint. The trial court further found that: the judgment constituted a valid lien upon the property in question; the judgment was duly filed on August 12, 1998 with the Lucas County recorder's office; the judgment remained unpaid, and Neighbor was entitled to have the property foreclosed. The trial court ordered that the property be foreclosed unless the sum owing was fully paid within three days from the date of entry of judgment, and that an order of sale be issued to the sheriff. The record shows that an order of sale was issued on September 7, 1999.
On November 27, 1999, appellant Contimortgage Corporation filed in the trial court a motion to intervene in this action as a defendant and to seek relief from judgment under Civ.R. 60(B). In its motion, Contimortgage asserted that it had an interest in the property that is the subject of the foreclosure action because Decision One Mortgage Company had assigned the mortgage to Contimortgage in August 1997. Contimortgage asserted that the assignment was recorded with the Lucas County recorder's office on December 3, 1998. Contimortgage further asserted that the order for sale was returned without execution because the Ochmaneks had requested Chapter 7 relief in the United States Bankruptcy Court for the Northern District of Ohio and that on March 29, 2000, the bankruptcy court had issued orders discharging the Ochmaneks and directing the trustee to abandon the real estate. Contimortgage stated that, due to all of the foregoing, there was no longer a bankruptcy stay on the present action and no subsequent order for a sheriff's sale. Finally, Contimortgage asserted that it held a valid mortgage on the subject property as the assignee of Decision One Mortgage Company and requested leave to intervene in order to protect its interest before the sheriff's sale.
On November 29, 2000, the trial court issued an order finding that the matter was dismissed on April 23, 1999 and that the motion to intervene was therefore moot. Contimortgage filed a timely appeal of the trial court's order.
Contimortgage asserts on appeal that its motion to intervene was not moot because the foreclosure action was never dismissed. Appellee John Neighbor responds in his appellate brief that he agrees with appellant's argument that the mortgage company should be allowed to intervene in the foreclosure action.
This court has thoroughly reviewed the record of proceedings in the trial court and we find no evidence that the foreclosure action was dismissed after the trial court's April 23, 1999 judgment entry of foreclosure. In that judgment, the trial court found that appellant held a valid lien and ordered the sale of the real estate. There is no indication in the record, however, that the sale ever took place. Based on the foregoing, this court finds that the trial court erred by finding appellant's motion to intervene moot and, accordingly, appellant's sole assignment of error is found well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee John Neighbor.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, J.
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.